UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| STATE OF NORTH DAKOTA by and through the NORTH DAKOTA DEPARTMENT OF ENVIRONMENTAL QUALITY,<br><br>_____Plaintiff,<br><br>___vs.<br><br>UNITED STATES DEPARTMENT OF LABOR, OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, JULIE A. SU, Acting Secretary of Labor, DOUGLAS L. PARKER, Assistant Secretary of Labor for Occupational Safety and Health; JENNIFER S. ROUS, Regional Administrator, Region 8, OSHA, JOHN CHRISTOPHER LARSEN, Administrative Law Judge, United States Department of Labor Office of Administrative Law Judges, and JOSH SEERUP,<br><br>_____Defendants. | **COMPLAINT**<br><br><br><br><br><br><br><br><br>**Case No.** _____ |

For its Complaint, the State of North Dakota by and through the North Dakota Department
of Environmental Quality, states and alleges as follows:

## I.    NATURE OF ACTION

[¶1]    The State of North Dakota by and through the North Dakota Department of Environmental
Quality brings this action to have the Court declare as a matter of law, that a pending complaint
brought by Defendant Josh Seerup before the Occupational Safety and Health Administration of
the United States Department of Labor, and the adjudicatory proceedings to which that complaint
is subject, violate the State's sovereign immunity and the Eleventh Amendment. Plaintiff also
requests that this Court order that Defendants cease their ongoing and continuing violations of its
constitutional rights by reason of initiation, investigation, and adjudication of that proceeding.

## II.    THE PARTIES

[¶2]    Plaintiff State of North Dakota, North Dakota Department of Environmental Quality (the
"State" or "NDDEQ") is the primary environmental agency of the State of North Dakota, statutorily

charged with the enforcement of various statutes and all rules adopted by the NDDEQ, as part of the executive branch of the government of the State of North Dakota, pursuant to N.D. Cent. Code ch. 23.1-01.

[¶3]    Defendant United States Department of Labor is an administrative agency of the United States of America, established pursuant to Congress' powers under Article I of the United States Constitution.

[¶4]    Defendant Occupational Health and Safety Administration ("OSHA") is an administrative agency of the United States Department of Labor, established pursuant to Congress' power under Article I of the United States Constitution. OSHA is statutorily authorized pursuant to 29 C.F.R. § 24.103 to receive alleged whistleblower complaints that arise under 29 C.F.R. 24.100, including the Safe Drinking Water Act 42 U.S.C. 300j-9(i).

[¶5]    Defendant Julie A. Su is the Acting United States Secretary of Labor and is charged with administration of, among other statutes, the employee protection provisions of the Safe Drinking Water Act, and is sued only in her official capacity.

[¶6]    Defendant Douglas L. Parker, is the Assistant Secretary of Labor for OSHA and is charged with administration of, among other statutes, the employee protection provisions of the Safe Drinking Water Act, and is sued only in his official capacity.

[¶7]    Defendant Jennifer S. Rous, is the Regional Administrator, Region 8, OSHA, and is charged with administration of, among other statutes, the employee protection provisions of the Safe Drinking Water Act, and is sued only in her official capacity.

[¶8]    Defendant John Christopher Larsen is an employee of the United States Department of Labor Office of Administrative Law Judges where he serves as an administrative law judge and has been assigned to preside over the case titled *In the Matter of Joshua Seerup v. North Dakota Department of Environmental Quality*, OALJ Case No.: 2023-SDW-00003, OSHA Case No. 301000396. The United States Department of Labor Office of Administrative Law Judges is an administrative agency of the United States of America, established pursuant to Congress' powers under Article I of the United States Constitution, and is the administrative tribunal for the United States Department of

Labor. Defendant John Christopher Larsen is sued only in his official capacity.

[¶9]    Defendant Josh Seerup ("Seerup") was an employee of the NDDEQ from December 15, 2014, until his voluntary resignation on September 4, 2024. Seerup is the named Complainant in *In the Matter of Joshua Seerup v. North Dakota Department of Environmental Quality*, OALJ Case No.: 2023-SDW-00003, OSHA Case No. 301000396. Seerup filed a complaint with OSHA on July 4, 2022, alleging the NDDEQ retaliated against him for making a complaint to an employee of the Environmental Protection Agency ("EPA") and that such conduct is protected by the Safe Drinking Water Act 42 U.S.C. § 300j-9(i) ("SDWA").

## III.    JURISDICTION

[¶10]    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 as it raises a question of the violation of the State's rights of sovereign immunity under the Eleventh Amendment of the United States Constitution.

[¶11]    Venue is proper in this Court under 28 U.S.C. § 1391 as the United States and employees thereof acting in their official capacities are defendants and a substantial part of the events giving rise to the claim occurred in this judicial district, a substantial part of the property that is the subject of this action is situated, and the illegal acts are occurring within this judicial district.

[¶12]    The United States has waived its immunity in section 10(b) of the Administrative Procedures Act, 5 U.S.C. § 702, as the State seeks only injunctive relief and specifies the federal officers by name or title personally responsible for compliance.

## IV.    FACTUAL ALLEGATIONS

[¶13]    In January of 2022, the NDDEQ was engaged in a virtual program audit with the EPA related to the NDDEQ's implementation of its programs related to drinking water systems. On or about January 18, 2022, an introductory meeting was held between the NDDEQ and Nara Jirik ("Jirik"), the EPA Region 8 state coordinator for the State of North Dakota.

[¶14]    On January 18, 2022, after the introductory meeting, Seerup emailed Jirik asking questions related to quarterly disinfectant reporting requirements. Jirik responded to Seerup that same day.

[¶15]    Seerup responded to Jirik on January 18, and continued to send emails to Jirik on March 29,

2022, and April 4, 2022. Jirik did not respond to these emails.

[¶16]   Jirik reported the emails to Seerup's then-supervisor, Greg Wavra ("Wavra"), on or about March 31, 2022. Jirik characterized the emails to Wavra as unprofessional and complicating the ongoing program audit. Wavra advised Jirik she was free to review the information provided by Seerup and provide a response to him.

[¶17]   On or about April 4, 2022, Jirik sent Seerup's emails to Wavra and declined to respond to Seerup because his emails were not transparent, but rather they were suggestive and contained the undertone of opinion.

[¶18]   On or about July 1, 2022, Seerup was issued a written warning by the NDDEQ for two performance issues. First, Seerup was reprimanded for failing to attend the Annual North Dakota Water Pollution Control Conference (the "Conference") in October 2021 and complete a presentation for the Conference as directed. These performance issues were unrelated to the complaint received from Jirik. Second, the NDDEQ also addressed in the written warning the complaint it received from Jirik.

[¶19]   On or about July 4, 2022, Seerup filed a complaint against the NDDEQ with OSHA alleging violations of the SDWA. The action before OSHA was docketed as case number "301000396 North Dakota Department of Environmental Quality – Seerup" (the "Seerup OSHA Case"). Seerup alleged in his complaint that he was subject to disciplinary action in the form of a written warning for reporting concerns to the EPA that the NDDEQ was violating the SDWA.

[¶20]   On or about July 14, 2022, Lydia Davidson, Regional Supervisory Investigator for OSHA, Region 8, OSHA, served the NDDEQ with written notice that Seerup had filed a complaint with OSHA alleging discriminatory practices and requested a response to the allegation of retaliation.

[¶21]   By letter dated August 12, 2022, the NDDEQ provided a response to the allegations. In its response, the NDDEQ raised its sovereign immunity under the Eleventh Amendment of the United States Constitution and explicitly stated that by providing a response to the complaint or participating in OSHA's investigation, the NDDEQ was not waiving its sovereign immunity. The NDDEQ specified that it reserved the right to continue to raise its sovereign immunity as a defense or bar to

4

any action taken by OSHA with respect to the Seerup OSHA Case.

[¶22]   The NDDEQ further denied the allegation that it retaliated against Seerup for allegedly reporting a violation of the SDWA when it disciplined him for engaging in misconduct and behaving in an unprofessional manner.

[¶23]   The NDDEQ raised and reserved its sovereign immunity and Eleventh Amendment rights several times throughout the investigation of the Seerup OSHA Case.

[¶24]   On or about November 18, 2022, Crystal Smith, Regional Whistleblower Investigator for OSHA stated in response to the NDDEQ's assertion of sovereign immunity and protection under the Eleventh Amendment that OSHA had determined sovereign immunity did not attach and OSHA would proceed with its investigation.

[¶25]   On or about August 14, 2023, the United States Department of Labor through its agent Jennifer Rous ("Rous"), Regional Administrator of Region VIII, OSHA, issued the Acting Secretary of Labor's Findings and Order (the "Determination") in the Seerup OSHA Case. The Determination alleged that through its investigation, OSHA concluded the NDDEQ violated the so-called employee protection provisions of the SDWA when it issued Seerup a written reprimand for his unprofessional emails to Jirik.

[¶26]   The Determination set forth the "Secretary's Order" purporting to require the NDDEQ to:

    a.    Remove the written discipline issued to Seerup in its entirety from his personnel file, including the performance issues that were not subject to OSHA's investigation and which OSHA has no authority to investigate;

    b.    Expunge all records contained any reference to Seerup's so-called protected activities or correspondence with the EPA;

    c.    Provide employees of the NDDEQ with a copy of the SDWA Fact Sheet; and

    d.    Not retaliate or discriminate against Seerup for instituting or causing to be instituted a proceeding related to the SDWA.

[¶27]   The Determination provided that the NDDEQ must file an objection and request a hearing before an Administrative Law Judge, or else the the findings of fact in the Determination and the relief set forth *supra* in paragraph 26 would become final and not subject to court review.

[¶28]   Despite its insistence that OSHA's investigation and adjudication in any forum of the Seerup

OSHA Case violated its sovereign immunity and the Eleventh Amendment under the United States Constitution, the NDDEQ was required to file an objection and request a hearing to preserve its rights.

[¶29]   The NDDEQ filed its objection to the Determination on September 13, 2023, within 30 days of its receipt of the same. In its objection, the NDDEQ again cited that it was subject to sovereign immunity under the Eleventh Amendment of the United States Constitution, reiterated that it had not and would not waive its immunity, and explained that being required to appear and defend itself in a federal administrative hearing where an individual could seek damages against NDDEQ violated the NDDEQ's right to immunity from suit. See Conn. Dep't of Env't Prot. v. Occupational Safety & Health Admin., 138 F. Supp. 2d 285 (D. Conn. 2001); R.I. Dep't of Env't Mgmt. v. United States, 115 F. Supp. 2d 269 (D.R.I. 2000); Ohio Env't Prot. Agency v. U.S. Dep't of Lab., 121 F. Supp. 2d 1155 (S.D. Ohio 2000); Florida v. United States, 133 F. Supp. 2d 1280 (N.D. Fla. 2001).

[¶30]   On or about September 19, 2023, the United States Department of Labor Office of Administrative Law Judges docketed the Seerup OSHA Case, which is now titled as "*In the Matter of: Josh Seerup v. North Dakota Department of Environmental Quality*, OALJ Case No. 2023-SDW-00003" (the "Seerup OALJ Case").

[¶31]   On October 10, 2023, the Seerup OALJ Case was assigned to Administrative Law Judge John Larsen ("Larsen").

[¶32]   Larsen set the hearing in the Seerup OALJ Case for March 18, 2025.

## COUNT ONE – DECLARATORY JUDGMENT

[¶33]   The State incorporates and realleges paragraphs 1 - 32 as if set forth fully herein.

[¶34]   In the Seerup OALJ Case, Seerup seeks various forms of relief against the State, including monetary damages to be paid by the State allegedly arising from the written warning issued to Seerup which he received while he was an employee of the NDDEQ.

[¶35]   The NDDEQ, as Respondent in the Seerup OSHA Case and the Seerup OALJ Case, is an agency of the State of North Dakota and is entitled to all of the rights and immunities of the State of North Dakota.

[¶36]   Congress enacted the employee protection provisions under the SDWA pursuant to its power

under Article I of the Constitution. Congress does not have the authority, under its Article I power, to abrogate the States' sovereign immunity and has not done so under the employee protection provisions of the SDWA.

[¶37]   The NDDEQ has sovereign immunity to any suit brought by a private citizen pursuant to the employee protection provisions of the SDWA. That sovereign immunity bars the Seerup OALJ Case, irrespective of the forum in which it is pursued.

[¶38]   The NDDEQ has not waived its sovereign immunity to allow Seerup to file the Seerup OSHA Case or the Seerup OALJ Case.

[¶39]   The State has acted to specifically preserve its immunity. See N.D. Cent. Code § 32-12.2-10.

[¶40]   The NDDEQ has raised its sovereign immunity from the Seerup OSHA Case and the Seerup OALJ Case and asserted that such proceedings violate the Eleventh Amendment. OSHA has refused to dismiss its investigation in the Seerup OSHA Case or the Seerup OALJ Case contending the Eleventh Amendment and sovereign immunity do not apply to its agency action, irrespective of the nature of the Complainant and the relief sought.

[¶41]   Initiation of the Seerup OSHA Case by Seerup and the activities of the remaining Defendants in permitting Seerup to bring the Seerup OSHA Case and the resulting Seerup OALJ Case against the NDDEQ, Defendants have violated, and continue to violate, the NDDEQ's sovereign immunity and the Eleventh Amendment of the United States Constitution.

[¶42]   In refusing to dismiss the Seerup OSHA case, and in providing an investigative and adjudicatory forum for such claims pursuant to the employee protection provisions, including the process and procedures provided by 42 U.S.C. § 7622, 33 U.S.C. § 1367, and 42 U.S.C. § 6971, the named Defendants other than Seerup are engaging in an ongoing violation of the NDDEQ's sovereign immunity and the Eleventh Amendment of the United States Constitution.

[¶43]   The State is entitled to a declaration from this Court that, in allowing the filing and pursuit of the Seerup OSHA Case, and requiring the NDDEQ to adjudicate the Seerup OALJ Case, including requiring affirmative action in the form of responsive pleadings, responding to discovery, subjecting its employees to depositions, and attending any hearing, Seerup and the remaining Defendants are

violating the State's sovereign immunity and the Eleventh Amendment of the United States
Constitution.

## COUNT TWO – INJUNCTIVE RELIEF

[¶44]   The State incorporates and realleges paragraphs 1 – 32 as if set forth fully herein.

[¶45]   The initiation and investigation of the Seerup OSHA Case and adjudication of the Seerup
OALJ Case constitute separate and continuing violations of the State's sovereign immunity and the
Eleventh Amendment.

[¶46]   These violations of the State's constitutional rights constitute immediate and irreparable
injury.

[¶47]   Monetary damages, if available, will be insufficient to compensate the State for its injuries
resulting from the Defendants' violations of the State's constitutional rights.

[¶48]   The State is entitled to preliminary and permanent injunctive relief ordering: (1) the
Defendants to immediately cease and desist any further prosecution or adjudication of the Seerup
OSHA Case or the Seerup OALJ Case, and (2) Seerup to cease from bringing any further complaints
against the NDDEQ or its officials before OSHA.

## PRAYER FOR RELIEF

WHEREFORE, the State of North Dakota, by and through the North Dakota Department of
Environmental Quality, requests that the Court grant it the following relief:

(1)   Declaratory Judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure,
that the Seerup OSHA Case and the Seerup OALJ Case violates the State's sovereign
immunity and the Eleventh Amendment;

(2)   A preliminary injunction to be made permanent pursuant to Rule 65 of the Federal
Rules of Civil Procedure, ordering the Defendants to immediately cease and desist
any further investigation or prosecution of the Seerup OSHA Case and the Seerup
OALJ Case, and to dismiss it with prejudice;

(3)   A preliminary injunction to be made permanent pursuant to Rule 65 of the Federal
Rules of Civil Procedure, enjoining Seerup from initiating any further complaints
against the NDDEQ or its officials before OSHA;

(4)   Such other relief as this Court may deem just and proper.

Dated this 19th day of December, 2024.

State of North Dakota
Drew H. Wrigley
Attorney General

By:    /s/  Courtney R. Titus
Courtney R. Titus
Assistant Attorney General
State Bar ID No. 08810
Office of Attorney General
500 North 9th Street
Bismarck, ND 58501-4509
Telephone (701) 328-3640
Email ctitus@nd.gov

Attorneys for Plaintiff